UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| XINIA BEATRIZ CRUZ RAMIREZ | ) | |
| 14729 Cardigan Sq. | ) | |
| Centreville, VA 20120 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| FERGUSON ENTERPRISES, LLC | ) | **JURY TRIAL DEMANDED** |
| **Registered Agent:** | ) | |
| Corporate Creations Network Inc. | ) | |
| 425 W Washington St Ste 4 | ) | |
| Suffolk, VA 23434 - 5320 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JASON LLEWELLYN MARCELLE | ) | |
| 9632 Tarvie Cir. | ) | |
| Bristow, VA 20136 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Xinia Beatriz Cruz Ramirez, by and through her undersigned counsel, hereby submits her Complaint against Defendants Ferguson Enterprises, LLC and Jason Llewellyn Marcelle, jointly and severally, to recover back pay, liquidated, compensatory, punitive, and other damages including attorneys' fees and costs.

## INTRODUCTION

1.      This is a civil rights complaint for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and Virginia common law.

2.     From 2021 until her termination, on or about August 24, 2024, Plaintiff Xinia Beatriz Cruz Ramirez worked under the supervision of Defendant Jason Llewellyn Marcelle as a warehouse worker at a warehouse, owned and operated by Defendant Ferguson Enterprises, LLC, located at 7780 Doane Dr. Unit 100, Manassas, VA 20109. She was the only woman working in the warehouse.  She consistently met or exceeded her employer's expectations. Yet, she was repeatedly subjected to unwanted severe and pervasive harassment and unlawful touching by her supervisor, Defendant Jason Marcelle, and when she refused his advances, discipline and threats of termination.  After she complained about the harassment to Defendant Ferguson Enterprises LLC,  she was physically thrown into and then trapped inside the men's bathroom by her supervisor, Defendant Jason Llewellyn Marcelle, and sexually assaulted by him.   About a week later after verifying this sexual assault by reviewing a video of the warehouse, Defendant Ferguson Enterprises LLC terminated her relying on unsubstantiated claims made by Defendant Jason Llewellyn Marcelle.

## PARTIES

3.     Plaintiff Xinia Beatriz Cruz Ramirez (hereinafter "Plaintiff" or "Ms. Cruz Ramirez") is an adult resident of the Commonwealth of Virginia.

4.     Defendant Ferguson Enterprises, LLC (hereinafter "Defendant" or "Ferguson Enterprises") is a plumbing supply service business, headquartered at 751 Lakefront Commons, Newport News, VA, 23606.

5.     Defendant Ferguson Enterprises owned and operated a warehouse located at 7780 Doane Dr. Unit 100, Manassas, VA 20109 (the "Manassas Warehouse") where Ms. Cruz Ramirez was employed.

2

6.      At all times relevant herein, Defendant Jason Llewellyn Marcelle ("Manager Marcelle") was employed by Defendant Furguson Enterprises, was the manager of the Manassas Warehouse, and Ms. Cruz Ramirez's supervisor.

## JURISDICTION

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1332.  Supplement jurisdiction arises under 28 U.S.C. § 1367.

8.      All of the acts complained of in this Complaint took place in Prince William County and/or injuries arose in Prince William County.

9.      Venue is properly set in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391.

## FACTS

10.      Defendants have engaged in unlawful employment practices in violation of Title VII and other torts in violation of the common law.

11.      More than thirty days prior to the institution of this lawsuit, Ms. Cruz Ramirez, filed a charge with the Equal Employment Opportunity Commission, 570-2024-04186, alleging violations of Title VII by Defendant Ferguson Enterprises on September 9, 2024.  *See* Exhibit 1. On March 14, 2025, at Ms. Cruz Ramirez's request, a right-to-sue letter was issued.  *See* Exhibit 2.

12.      Defendants, through their authorized agents within the scope of its authority, have caused emotional harm and injury to Ms. Cruz Ramirez and discriminated against Ms. Cruz Ramirez based on Ms. Cruz Ramirez's sex (female).

13.     Manager Marcelle was the General Manager of the Manassas Warehouse and had complete authority over the operations, including both hiring and firing authorities and over Ms. Cruz Ramirez during the time she worked at the warehouse.

14.     Ms. Cruz Ramirez is a woman.

15.     Ms. Cruz Ramirez was hired by Defendant Fergeson Services in February 2018 to work as a warehouse worker at the Manassas Warehouse.

16.     During the time she worked for Defendant Fergeson Services she was the only woman working in the warehouse.

17.     Ms. Cruz Ramirez consistently met or exceeded her employer's expectations in terms of performance.

18.     In 2021, Defendant Ferguson installed Manager Marcelle as the new manager of the Manassas Warehouse.

19.     Supervisor Marcelle thus became Ms. Cruz Ramirez's supervisor.

20.     In 2022, Manager Marcelle began isolating  Ms. Cruz Ramirez for criticism while at work.  The criticism was baseless.

21.     Around this time Manager Marcelle also began to sexually harass Ms. Cruz Ramirez.

22.     In early 2022, Ms. Cruz Ramirez requested the assistance of her first shift supervisor, Michael Kenny ("Shift Supervisor Kenny"), in dealing with Manager Marcelle and reported his harassment of her.

23.     Ms. Cruz Ramirez reported to Shift Supervisor Kenny that Supervisor Marcelle was singling her out for criticism and all she wanted was to be treated fairly like "the other guys" at

the warehouse.  In response to her complaint, Manager Marcelle asked Ms. Cruz Ramirez "Are you into Black guys?"

24.    Manager Marcelle is Black.

25.    Ms. Cruz Ramirez is Hispanic.

26.    Later in April 2022, while Ms. Cruz Ramirez was using the restroom, Manager Marcelle called her on Facetime. Ms. Cruz Ramirez did not answer.  Thereafter, Manager Marcelle texted Ms. Cruz Ramirez:

"So are you going to video me so I can see it since I'm in the next restroom next door, the door is unlocked."

27.    Later that month, Manager Marcelle sent Ms. Cruz Ramirez another message:

"Looking at you from the back I just feel like bending you over."

28.    When Ms. Cruz Ramirez did not respond favorably to these unwanted sexual advances, Manager Marcel singled her out for criticism and threatened her with discipline.

29.    Despite his verbal criticism, because Ms. Cruz Ramirez's performance was good, Manager Marcelle was unable to find a reason to discipline Ms. Cruz Ramirez for her performance.

30.    Later in the Spring of 2022, Ms. Cruz Ramirez walked into Manager Marcelle's office to ask a question about work. He looked me up and down and told her:

"You have a fat p*ssy."

After this interaction Ms. Cruz Ramirez took leave.

31.    In October of 2022, Manager Marcelle overheard Ms. Cruz Ramirez trying to speak with Legal Services of Northern Virginia about pursuing a claim for discrimination.  Ms. Cruz Ramirez was on a break when she made the call.  Upon hearing Ms. Cruz Ramirez speak to Legal Services, Manager Marcell then reported to the other warehouse workers, who were all men, that

Ms. Cruz Ramirez was having immigration issues.  After this encounter, Ms. Cruz Ramirez took leave for two months.

32.     Upon returning to work at the Manassas Warehouse, Manager Marcelle would make things difficult for Ms. Cruz Ramirez, criticizing and singling her out with petty and pretextual complaints about her performance for which she was never written up.

33.     Then in late December of 2022, before the Christmas Holiday, Ms. Cruz Ramirez was eating a lollipop and Manager Marcelle told Ms. Cruz Ramirez:

"You are good at sucking d*ck."

In response, Ms. Cruz Ramirez retorted that she does not "suck d*ck," and Manager Marcelle replied that he was "disappointed."

34.     In January of 2023, Ms. Cruz Ramirez was out of work due to illness.

35.     Ms. Cruz Ramirez was also out of work in March of 2023 due to surgery.

36.     When Ms. Cruz Ramirez returned in April of 2023 Manager Marcelle told Ms. Cruz Ramirez that he could see her nipples.

37.     Later in the summer of 2023, Manager Marcelle told Ms. Cruz Ramirez while she was on break drinking water:

"The way you suck that straw I would like to see you in action."

38.     Then, about a month later, Manager Marcelle told Ms. Cruz Ramirez that she should be thankful toward him since she still has a job. Shortly after, he said that Manager Marcelle gave Ms. Cruz Ramirez a performance evaluation and gave her a 30-cent-an-hour raise.

39.     Then, after her raise, while Ms. Cruz Ramirez was putting some stuff away in the Manassas Warehouse, Manager Marcell told Ms. Cruz Ramirez to take her headphones off and said:

"When are we going to f**k?"

Ms. Cruz Ramirez then told him, "Never. You are married and second you are my boss, and I am a lesbian and leave me alone."

Manager Marcelle replied, "I can fix that" and told Ms. Cruz Ramirez to "come to my house and you don't have to worry about your time [i.e. clocking out] and I'll fix it."

40.    In early 2024, Ms. Cruz Ramirez reported these most recent acts of harassment to Dennis Blann and the Warehouse Staff/Warehouse Front Desk ("Front Desk Supervisor Blann").

41.    After she reported this harassment to Front Desk Supervisor Blann, the harassment continued and in fact got worse.

42.    Upon information and belief Front Desk Supervisor Blann did nothing with Ms. Cruz Rodriguez's report other than to tell Manager Marcelle.

43.    In late February or early March of 2024, after Ms. Cruz made her report, Manager Marcelle approached Ms. Cruz Ramirez and said: "You look scared. Are you scared I am going to stretch that p*ssy out?"

44.    Ms. Cruz Ramirez was afraid of Manager Marcell because he is a much larger man and gets very angry with the workers.

45.    Then on March 13, 2024, at around 7:30 p.m. Manager Marcelle told Ms. Cruz Ramirez "I want to f*ck you" and that Ms. Cruz Ramirez was the first one to ever say no to him.

46.    The following day, Manager Marcelle accused Ms. Cruz Ramirez of drinking on the job. This was false.

47.    Then, in June of 2024, when Ms. Cruz Ramirez was putting a truck away, Manager Marcel told Ms. Cruz Ramirez to meet at the RSO4 section of the Manassas Warehouse. Ms. Cruz Ramirez went there, as directed, and Manager Marcelle grabbed Ms. Cruz Ramirez, pushed her

into the men's restroom, closed the door, and  pulled his pants down and told Ms. Cruz Ramirez to "grab" his "d*ck."  Ms. Cruz Ramirez pushed Manager Marcell off her and then requested the number for HR from Shift Supervisor Kenny and from the Front Desk.

48.    Shift Supervisor Kenny did not give the number to Ms. Cruz Ramirez right away. Three days later he gave it to Ms. Cruz Ramirez after Ms. Cruz Ramirez kept asking him for it.

49.    Then on August 5, 2024, at around 9:40 a.m., Manager Marcelle confronted Ms. Cruz Ramirez and accused Ms. Cruz Ramirez of stealing time.  Ms. Cruz Ramirez was on her break, punched out, and still had three minutes left on her break.  Then he told Ms. Cruz Ramirez that he learned about the meeting Ms. Cruz Ramirez had with Human Resources about him and then fired Ms. Cruz Ramirez for stealing company time.  Manager Marcelle then told Ms. Cruz Ramirez she should thank him for letting her keep her job. Ms. Cruz Ramirez then replied to him that he was discriminating against her, and Manager Marcelle told Ms. Cruz Ramirez to come into his office to talk with Andrew Nunemaker, Branch Manager ("Branch Manager Nunemaker") and other managers.

50.    Upon arriving, Ms. Cruz Ramirez told Branch Manager Nunemaker she was going to speak to Human Resources instead.  He said, "If you really want to go this route I'll show you what happens."

51.    At around 11:00 a.m. Ms. Cruz Ramirez spoke with Branch Manager Nunemaker and told him she wanted to speak with someone in the corporate office about what was going on.

52.    The next day on August 6, 2023, Ms. Cruz Ramirez was fired by Branch Manager Nunemaker and Manager Marcelle for stealing time.  Ms. Cruz Ramirez did not steal time.  Ms. Cruz Ramirez told Branch Manager Nunemaker this and that she was going to file a complaint of sexual harassment.

53.     After she was fired by Defendant Furguson Enterprises, Ms. Cruz Ramirez spoke with Lori Werner, Defendant Ferguson Enterprises' EPG Specialist who confirmed to her that video surveillance of the Manassas Warehouse confirmed her version of events.  Then on August 13, 2024, Defendant Ferguson Enterprises' confirmed that Manager Marcel had engaged in inappropriate behavior with Ms. Cruz Ramirez. When asked if Ms. Cruz Ramirez wanted to return to work she said she did, but not if Manager Marcelle was still there.

54.     Later on August 24, 2024, Manager Marcelle was fired.

55.     Defendant Ferguson Enterprises' never told Ms. Cruz Ramirez and never offered her job back.

56.     Ms. Cruz Ramirez's position was filled by a male employee who did not report violations of Title VII.

57.     There was no effective anti-harassment policy at the Manassas warehouse during the time Ms. Cruz Ramirez worked there.

58.     Ms. Cruz Ramirez does not recall ever receiving an anti-sexual harassment policy.

59.     In the investigation of this matter by the EEOC, the Respondent did not produce to the EEOC a complete anti-harassment policy or any acknowledgment from Ms. Cruz Ramirez that she had received such a policy.

**COUNT ONE:**
**SEXUAL HARASSMENT IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et. seq.***

60.     Ms. Cruz Ramirez incorporates by reference the proceeding paragraphs as if fully alleged in this paragraph.

61.     Ms. Cruz Ramirez is a female and a member of a protected class.

62.     Ms. Cruz Ramirez was unlawfully sexually harassed by Manager Marcelle.

63.     Defendants knew or should have known about the sexual harassment of Ms. Cruz Ramirez and Defendants took no action.

64.     Defendants discriminated against Ms. Cruz Ramirez by permitting an ongoing, severe, and pervasive pattern and practice of sexual harassment against her and other similarly situated women and by creating and maintaining a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

65.     Defendants' sexual harassment of Ms. Cruz Ramirez altered Ms. Cruz Ramirez's conditions of employment by creating an abusive working environment for her.

66.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and displayed a callous disregard of the rights of Ms. Cruz Ramirez and other female employees of the Manassas Warehouse.

67.     As a direct and proximate result of the Defendants' sexual harassment of Ms. Cruz Ramirez, she has suffered damages, including emotional distress, damage to her reputation, anxiety, nightmares, insomnia, humiliation, and loss of enjoyment of life.

## COUNT TWO:
## WRONGFUL TERMINATION (RETALIATION)
## IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et. seq.*

68.     The allegations of the foregoing paragraphs are incorporated as though fully set forth herein.

69.     Ms. Cruz Ramirez's activities as described above are and were protected activities.

70.     Defendant Ferguson Enterprises discriminated against Ms. Cruz Ramirez by discharging her because she engaged in protected activities and opposed unlawful discrimination.

71.     Defendant's actions violate Title VII, 42 U.S.C. § 2000e.

72.     But for the Defendant's conduct, Ms. Cruz Ramirez would have continued working.

10

73.     As a result of the Defendant's retaliation and wrongful termination of Ms. Cruz Ramirez, she has suffered economic damages as well as other damages, including emotional distress, damage to her reputation, anxiety, humiliation, and loss of enjoyment of life as well as termination of her employment.

74.     Defendant's conduct was pursued in knowing and/or reckless disregard of the rights of Ms. Cruz Ramirez and therefore warrants the imposition of punitive damages.

## COUNT THREE:
## WRONGFUL TERMINATION (GENDER)
## IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et. seq.*

75.     The allegations of the foregoing paragraphs are incorporated as though fully set forth herein.

76.     Defendant Ferguson Enterprises discriminated against Ms. Cruz Ramirez by discharging her because of her gender.

77.     Defendants' actions violate Title VII, 42 U.S.C. § 2000e.

78.     But for the Defendant's conduct, Ms. Cruz Ramirez would have continued working.

79.     As a result of the Defendant's retaliation and wrongful termination of Ms. Cruz Ramirez, she has suffered economic damages as well as other damages, including emotional distress, damage to her reputation, anxiety, humiliation, and loss of enjoyment of life as well as termination of her employment.

80.     Defendant's conduct was pursued in knowing and/or reckless disregard of the rights of Ms. Cruz Ramirez and therefore warrants the imposition of punitive damages.

## COUNT FOUR:
## BATTERY

81.     Ms. Cruz Ramirez incorporates by reference the proceeding paragraphs as if fully alleged in this paragraph.

11

82.    At all times relevant Manager Marcelle was acting as a manager of the Manassas Warehouse on behalf of Defendant Ferguson Enterprises and served as Ms. Cruz Ramirez's supervisor.

83.    Defendants engaged in, authorized, and ratified the wrongful conduct of Manager Marcelle.

84.    Defendants are liable under the doctrine of *respondeat superior* for the actions of Manager Marcelle.

85.    At the time, Manager Marcelle was working as an agent of, on behalf of, and within the scope of his employment with Defendants.

86.    Defendants are vicariously liable for the acts of Manager Marcelle and also liable for their own negligence.

87.    Ms. Cruz Ramirez was physically touched by Manager Marcelle.

88.    Ms. Cruz Ramirez did not consent to being touched by Manager Marcelle.

89.    Defendants' actions were intentional and characterized by actual malice.

90.    Ms. Cruz Ramirez has suffered damages as a direct result of Defendants' actions.

91.    Ms. Cruz Ramirez has experienced injuries, mental pain and suffering and the insult, indignity and humiliation inflicted upon her by the wrongful and unlawful act of the Defendants.

92.    Compensatory damages would be inadequate to redress the wrongs committed by the Defendants.

93.    Punitive damages are required to punish the Defendant for their unjustifiable, willful, wanton, and reckless acts.

**COUNT FIVE:**
**<u>FALSE IMPRISONMENT</u>**

94.    Ms. Cruz Ramirez incorporates by reference the proceeding paragraphs as if fully alleged in this paragraph.

95.    Manager Marcelle, as the manager of the Manassas Warehouse, illegally restrained Ms. Cruz Ramirez and denied her rights to be free from physical harm and intentionally impeded her physical liberty without sufficient legal excuse or probable cause by locking her in the men's restroom.

96.    Ms. Cruz Ramirez has experienced injuries, mental pain and suffering and the insult, indignity, and humiliation inflicted upon her by the wrongful and unlawful act of the Defendants.

97.    Compensatory damages would be inadequate to redress the wrongs committed by the Defendants.

98.    Punitive damages are required to punish the Defendant for their unjustifiable, willful, wanton, and reckless acts.

## COUNT SIX:
## NEGLIGENCE

99.    Ms. Cruz Ramirez incorporates by reference the proceeding paragraphs as if fully alleged in this paragraph.

100.    At all times relevant Manager Marcelle was acting as a manager of Defendant Ferguson Enterprises' Manassas Warehouse and Ms. Cruz Ramirez's supervisor.

101.    Defendants engaged in, authorized, and ratified the wrongful conduct of Manager Marcelle.

102.    Defendants are liable under the doctrine of *respondeat superior* for the actions of Manager Marcelle.

103.    At the time, Manager Marcelle was working as an agent of, on behalf of, and within the scope of his employment with Defendant Ferguson Enterprises.

104.    Defendant Ferguson Enterprises is vicariously liable for the acts of Manager Marcelle and liable for their own negligence.

105.    Defendant Ferguson Enterprises' failure to act on knowledge of Manager Marcelle's past sexual misconduct at the Manassas Warehouse and Defendant Ferguson Enterprises' retention of Manager Marcelle as the General Manager of the Manassas Warehouse, without supervision, with knowledge of the same, directly contributed and was the proximate cause of Ms. Cruz Ramirez's injuries and damages arising therefrom.

106.    Defendant Ferguson Enterprises was grossly negligent and/or reckless in believing that Manager Marcelle was fit to work with Ms. Cruz Ramirez at the Manassas Warehouse and/or that any previously reported problems or events of sexual misconduct Manager Marcelle.

107.    Defendant Ferguson Enterprises, by and through its agents, misrepresented and/or failed to present the facts of known sexual misconduct perpetrated by Manager Marcelle to Ms. Cruz Ramirez, the public and/or investigative authorities including the Equal Employment Opportunity Commission to protect itself and avoid public scandal.

108.    As a result of Defendant Ferguson Enterprises' employment of Ms. Cruz Ramirez and its corresponding duty to ensure Ms. Cruz Ramirez's safety and welfare at the Manassas Warehouse, Defendant Ferguson Enterprises entered a special relationship with Ms. Cruz Ramirez. It held a position of authority over Ms. Cruz Ramirez.

109.    Defendant Ferguson Enterprises, by placing Ms. Cruz Ramirez in an employment position whereby Ms. Cruz Ramirez was required to act and perform duties at the direction and control of Manager Marcelle, created a relationship whereby Ms. Cruz Ramirez was wholly

dependent upon Defendant Ferguson Enterprises and Manager Marcelle and prevented Ms. Cruz Ramirez from effectively protecting herself.

110.    By employing Ms. Cruz Ramirez at the Manassas Warehouse, Defendant Ferguson Enterprises owed Ms. Cruz Ramirez the duty to place her in a safe work environment and not under the direct management and supervision of Manager Marcelle that Defendant Ferguson Enterprises had or should have had prior notice and knowledge to have committed and/or been accused of perpetrating sexual harassment and sexual assault.

111.    By employing Ms. Cruz Ramirez at the Manassas Warehouse, Defendant Ferguson Enterprises owed Ms. Cruz Ramirez the duty to disclose to Ms. Cruz Ramirez information it had or should have had regarding Manager Marcelle's history of sexual misconduct at the Manassas Warehouse.

112.    Prior to and during Ms. Cruz Ramirez's employment with Defendant Ferguson Enterprises, Defendant Ferguson Enterprises and its agents were in a specialized or superior position to receive and did, in fact, receive specific notice and information regarding sexual harassment and sexual assaults committed by Manager Marcelle at the Manassas Warehouse that was of critical importance to the well-being and protection, care, and treatment of female employees of the Manassas Warehouse, including Ms. Cruz Ramirez.

113.    During Ms. Cruz Ramirez's period of employment, Ms. Cruz Ramirez was in a subordinate position of weakness, vulnerability, and inequality as an employee of Defendant Ferguson Enterprises and under the direct supervision and management of Manager Marcelle.

114.    Defendant Ferguson Enterprises owed Ms. Cruz Ramirez a duty of reasonable care because it had superior knowledge about the risk that Manager Marcelle posed to Ms. Cruz Ramirez, and the reasonable likelihood, based upon past reported and observed acts of Manager

Marcelle while employed under Manager Marcelle's management and control at the Manassas Warehouse.

115.    Defendant Ferguson Enterprises breached its duty to Ms. Cruz Ramirez by failing to act upon or insufficiently acting upon or responding to information obtained by virtue of its superior status, known only or secretly to it, that evinced a pattern of sexual harassment and sexual assault committed by Manager Marcelle against Ms. Cruz Ramirez at the Manassas Warehouse.

116.    Defendant Ferguson Enterprises breached its duty to Ms. Cruz Ramirez by failing to warn Ms. Cruz Ramirez of the risk that Manager Marcelle posed and failed to warn Ms. Cruz Ramirez about any of the knowledge it had about past reports of sexual harassment and sexual assault by Manager Marcelle at the Manassas Warehouse.

117.    Defendant Ferguson Enterprises breached its duty to Ms. Cruz Ramirez by failing to report past reports of sexual harassment and sexual assault observed by other managers of the Manassas Warehouse.

118.    Defendant Ferguson Enterprises breached this duty to Ms. Cruz Ramirez through inaction, manipulation, evasion, intended deception, and undue employer influence, resulting in sexual assault, injuries and other negative consequences to the welfare and well-being of Ms. Cruz Ramirez.

119.    During the period of Ms. Cruz Ramirez's employment, Defendants knew or should have Ms. Cruz Ramirez was working in an environment of the clear and present danger of sexual assault while working at the Manassas Warehouse under Manager Marcelle's management, supervision, and control as General Manager.

120.    Manager Marcelle's sexual assault of Ms. Cruz Ramirez was committed by Manager Marcelle and against Ms. Cruz Ramirez while Ms. Cruz Ramirez was performing her

employment duties for the benefit of Defendant Ferguson Enterprises at the Manassas Warehouse, while Manager Marcelle was acting as her direct manager and supervisor, while Manager Marcelle was acting as Defendant Ferguson Enterprises' agent and General Manager, and while Manager Marcelle was acting under Defendant Ferguson Enterprises' supervision, employ, agency, and control.

121.    Manager Marcelle's sexual assault against Ms. Cruz Ramirez was caused and perpetuated by Defendant Ferguson Enterprises and by Manager Marcelle and directly resulted in injuries to Ms. Cruz Ramirez.

122.    Ms. Cruz Ramirez has suffered damages as a direct result of the defendants' actions.

123.    Ms. Cruz Ramirez has experienced injuries, mental pain and suffering and the insult, indignity and humiliation inflicted upon her by the wrongful and unlawful act of the Defendants.

124.    Compensatory damages would be inadequate to redress the wrongs committed by the Defendants.

125.    Punitive damages are required to punish the Defendant for their unjustifiable, willful, wanton, and reckless acts.

**COUNT SEVEN:**
**NEGLIGENT RETENTION OF AN UNFIT MANAGER**

126.    Ms. Cruz Ramirez incorporates by reference the proceeding paragraphs as if fully alleged in this paragraph.

127.    At all times material hereto, Manager Marcelle's employment was terminable at will; that is, Defendant Ferguson Enterprises had the right under Virginia law to terminate his employment for any reason or no reason at all.

17

128.    At all times material hereto, Manager Marcelle was unfit to work for Defendant Ferguson Enterprises and manage their Manassas Warehouse.

129.    Defendant Ferguson Enterprises knew or should have known that Manager Marcelle had a history of abusing the female employee who worked at the Manassas Warehouse and Manager Marcelle's history and propensity of sexually harassing and assaulting the female employee at the Manassas Warehouse

130.    Defendant Ferguson Enterprises owed a duty to Ms. Cruz Ramirez to provide a safe work environment and protect Ms. Cruz Ramirez from harm to her person.

131.    Defendant Ferguson Enterprises negligently retained Manager Marcelle and put Ms. Cruz Ramirez at risk of extreme and severe personal injury.

132.    As a direct and proximate result of Defendant Ferguson Enterprises' negligence, Ms. Cruz Ramirez has suffered and will continue to suffer pecuniary loss, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

133.    Further, Defendants acted with actual malice toward Ms. Cruz Ramirez and/or with reckless disregard of the protected rights of Ms. Cruz Ramirez to support an award of punitive damages.

**COUNT EIGHT:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

134.    Ms. Cruz Ramirez incorporates by reference the proceeding paragraphs as if fully alleged in this paragraph.

135.    Manager Marcelle's conduct was intentional or reckless.

136.    Manager Marcelle had the specific purpose of inflicting emotional distress, and he intended his specific conduct and knew or should have known that it would most likely result in emotional distress.

137.    Manager Marcelle's conduct was outrageous and intolerable, and his conduct offends generally accepted standards of decency and morality.

138.    Manager Marcelle's conduct proximately caused severe emotional distress to Ms. Cruz Ramirez.

139.    Ms. Cruz Ramirez has suffered damages as a direct result of the defendants' actions.

140.    As a result of this severe emotional distress, Ms. Cruz Ramirez suffers from the memories of being attacked by Manager Marcelle and suffers from severe emotional distress and anxiety as a result.

141.    Ms. Cruz Rodriguez has experienced injuries, mental pain and suffering and the insult, indignity and humiliation inflicted upon her by the wrongful and unlawful act of the Defendants.

142.    Compensatory damages would be inadequate to redress the wrongs committed by the Defendants.

143.    Punitive damages are required to punish the Defendants for their unjustifiable, willful, wanton and reckless acts.

144.    Defendant Ferguson Enterprises engaged in, authorized, and ratified the wrongful conduct of Manager Marcelle

145.    Defendant Ferguson Enterprises is liable under the doctrine of *respondeat superior* for the actions of Manager Marcelle.

146.    At the time, Manager Marcelle was working as an agent of, on behalf of, and within the scope of his employment with Defendant Ferguson Enterprises.

19

147.    Defendant Ferguson Enterprises is vicariously liable for the acts of Manager Marcelle.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A.    Order equitable relief including but not limited to backpay and front pay;

B.    Award Plaintiff compensatory damages in the amount of $1,500,000 or such other amount as determined by the jury;

C.    Award Plaintiff punitive damages in the amount of $1,000,000 or such other amount as determined by the jury;

D.    Award Plaintiff her reasonable costs and expenses incurred in this action, including attorneys' fees;

E.    Enter such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Date: March 18, 2025.

Respectfully Submitted,
Plaintiff
By Counsel

/s/ _____
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540 Little River Turnpike, Suite A
Annandale, VA 22003
Telephone: (703) 256-1800
Facsimile: (703) 991-6116
Email: matt@sutterandterpak.com
Counsel for Plaintiff